[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties obtained a legal separation on April 19, 1996, after an 11 year marriage. Thereafter, on December 31, 1996, the plaintiff filed a petition to dissolve the marriage.
The court finds that the agreement the parties entered into on April 19, 1996 is not fair and equitable in view of the defendant's failure to disclose substantial assets on his April 19, 1996 financial affidavit. The plaintiff relied on the defendant's affidavit at the time she entered into the April 1996 separation agreement.
A contested hearing as to the division of the marital assets was held on the petition to dissolve the marriage at which time both parties filed new affidavits and both parties were heard at length.
The court finds that the defendant failed to disclose a pension valued at $97,800, 155 shares of SNET stock, and a John Hancock Life Insurance police with a cash value of $3657. The CT Page 1913 defendant also understated his SNET Management Retirement Savings an by approximately $10,000 and failed to disclose his $150,000 life insurance policy.
The court finds that the parties have not resumed a marital relationship since the decree of legal separation was granted on April 19, 1996. A decree dissolving the marriage may enter. There is one minor child issue of the marriage: Todd Fowler, born May 10, 1991.
The court finds that the defendant has an annual gross income as of December 31, 1996 in the amount of $54,700. His weekly gross is computed to be $1052.30 which is higher than the amount reflected on his current affidavit due to the defendant's receiving a bonus in 1996. The court finds that the defendant's weekly net is closer to approximately $848. The parties have agreed on a child support order of $191 per week which is within the child support guidelines.
The plaintiff is 36 years of age and in good health. She has an associate's degree in marketing. Prior to the birth of her child in 1991 she was employed full-time and was earning approximately $30,000 per year. After the birth of their child, she worked only on part-time basis when the defendant was available to care for the child. The parties' child was diagnosed with leukemia which appears to be under control at this time. The child, however, requires frequent blood work and follow-up visits to the doctors. The plaintiff is presently earning approximately $135 per week net.
The court has carefully considered the appropriate statutory criteria and enters the following orders.
ALIMONY
The defendant shall pay to the plaintiff as periodic alimony the sum of $200 per week for a term of five years if not sooner terminated by the death or remarriage or cohabitation of the plaintiff or the death of the defendant.
CUSTODY AND VISITATION
1. There shall be joint legal custody of the minor child with primary physical custody to the plaintiff. CT Page 1914
2. The defendant shall have reasonable, liberal and flexible visitation rights to include but not limited to the following:
a) Every Wednesday and Friday from 5:30 p.m. to 7:30 p.m.
 b) Alternate weekends from Friday at 5:30 p.m. to Sunday at 7:30 p.m.
 c) Father's Day to the defendant and Mother's Day to the plaintiff.
d) Christmas Eve from 1 p.m. to 7:30 p.m.
 e) Christmas Day from 1 p.m. overnight to 7:30 p.m. on December 26.
 f) Thanksgiving Day shall be alternated between the parties.
g) Easter Sunday from 1 p.m. to 7:30 p.m.
 h) The remaining holidays such as Memorial Day, Labor Day and July Fourth shall be alternated between the parties.
 i) The defendant shall be entitled to two weeks during the summer;.
 j) School vacation shall be alternated between the parties, as they shall agree.
k) Such other times as the parties shall agree.
CHILD SUPPORT
The defendant shall pay to the plaintiff as child support the sum of $191 per week until the child dies or becomes emancipated, completes high school or reaches the age of 19 years, whichever event shall first occur.
MEDICAL COVERAGE
1. The defendant shall provide and maintain medical coverage as available through his employment for the benefit of CT Page 1915 the minor child. The defendant shall be responsible for all unreimbursed medical expenses until such time as the wife's gross income reaches $25,000 per year. At that time, the parties shall equally divide any unreimbursed medical expense after the defendant has paid the first $2000 deductible on the defendant's policy.
2. The plaintiff shall remain on the defendant's health plan as available at his employment provided there is no cost to the defendant. The plaintiff is entitled to COBRA benefits as are available through the defendant's employment, at her expense, for a period of 36 months
REAL ESTATE
The parties agreed the marital home located at 5 Bassett Road, Seymour has an equity of approximately $72,000. The plaintiff would like the opportunity to try to remain in the home. The defendant is concerned over his liability on the mortgage and the court is concerned over whether there are sufficient funds to maintain this home.
The following orders shall enter:
 1) The defendant shall quitclaim his interest in the real estate located at 5 Bassett Road, Seymour, Connecticut to the plaintiff. Simultaneously, the plaintiff shall execute a mortgage deed and non-interest bearing note to the defendant in the amount of $28,000 payable within five years of date.
 2) The plaintiff shall be solely responsible for the mortgage and taxes and shall indemnify and hold the defendant harmless from any and all liability in connection with the mortgage and taxes on the property.
 3) In the event the plaintiff falls behind on two consecutive mortgage payments within five years of date, then the property shall be placed on the market and shall be sold without delay. After the defendant's mortgage has been paid to him in full any remaining proceeds shall be the sole property of the plaintiff.
 4) In the event the real estate must be sold, the court shall retain jurisdiction over any disputes arising out CT Page 1916 of the sale of the real estate.
 5) The plaintiff, within five years of date, shall refinance the first mortgage on the home so that the defendant shall no longer be liable on the first mortgage. In the event the plaintiff is unable to refinance the first mortgage, then the real estate shall be placed on the market and shall be sold without delay.
OTHER PROPERTY
1. The plaintiff shall be entitled to 50% of the present day value of the defendant's SNET Retirement Savings Plan to be secured by means of a QDRO.
2. The plaintiff shall be entitled to 50% of the present day value of the defendant's SNET Pension Plan to be secured by means of a QDRO.
3. The defendant shall be entitled to his TRASOP Fund, the Phoenix Mutual Life Insurance Policy, the John Hancock Insurance Policy, the Monetta Mutual Fund, and the U.S. Savings Bonds in his name.
4. With respect to the 158.697 SNET shares of stock owned by the defendant, it is ordered that these shares of stock be liquidated forthwith and the proceeds applied to the Chase Visa bill.
5. The parties agreed to file a joint 1996 federal and state income tax return, and it is so ordered. Any tax refunds shall be applied to the Chase Visa bill. Any excess of the tax refund, if any, shall be equally divided between the parties.
6. The plaintiff shall retain title to the 1992 Ford Explorer motor vehicle. The defendant shall retain title to the 1989 Chevrolet truck.
7. The defendant shall be entitled to remove from the marital home his tools (excluding house/garden tools), personal property and his SNET memorabilia.
8. The parties shall be entitled to retain any other assets in their possession or listed on their financial CT Page 1917 affidavits unless otherwise disposed of herein.
LIFE INSURANCE
The defendant shall maintain his current life insurance in the amount to $150,000 (one hundred and fifty thousand dollars), which is available through his place of employment, with the plaintiff and the minor child named as irrevocable beneficiaries thereon for so long as he has an obligation for alimony and/or child support. This provision shall be modifiable.
TAX EXEMPTION
The defendant shall be entitled to claim the minor child as a dependent for income tax purposes provided he is current in the child support obligation as of December 31.
DEBTS
1. The defendant shall be responsible for the Citgo bill and shall hold the plaintiff harmless therefrom.
2. The defendant shall save the plaintiff harmless on the security alarm contract.
3. The plaintiff shall be responsible for the Discover bill, the Texaco bill and any indebtedness owed to the plaintiff's mother.
4. In the event there is a remaining balance due on the Chase Visa bill after the SNET stock proceeds and income tax refunds have been applied, the plaintiff and the defendant shall each be responsible for 50% of the remaining balance.
5. The parties shall be responsible for the debts as listed on their respective financial affidavits unless otherwise disposed of herein.
COUNSEL FEES
The defendant shall pay to the plaintiff as a contribution towards her counsel fees the sum of $1500 within six months of date.
Coppeto, J. CT Page 1918